557 A.2d 409

John CARELLI and Kathleen Carelli, Individually and as Husband and Wife, Appellants,

v.

PENNSYLVANIA MEDICAL SOCIETY LIABILITY INSURANCE COMPANY, Dr. Saul R. Berg, Dr. Alan J. Silverstein and Dr. Robert C. Rankin, Appellees.

Jeannette Tibbens HORNER

v.

Joan O. MELVIN, Chief Magistrate, City of Pittsburgh Housing Court, Richard Bruce, Code Enforcement Administrator of the City of Pittsburgh and Brian Hill, Senior Building Inspector of the City of Pittsburgh, Bureau of Building Inspection, Appellees.

Appeal of Jeannette Tibbens HORNER and Allen N. Brunwasser, Appellants.

Allen N. BRUNWASSER, Appellant,

v.

PRESBYTERIAN–UNIVERSITY HOSPITAL OF PITTSBURGH, Michael Karpf, M.D., Henry Booth Higman, M.D., University Neurological Associates, Inc., Presbyterian–University Systems, Inc., Presbyterian–Health Resources Mgt., Inc., Internal Medicine Specialists, P.C. Steven B. Larchuck, Esquire and Dickie, McCamey and Chilcote, a Professional Corporation, Appellees.

Charlotte SCHWARTZ, Appellant,

v.

CONCORD–LIBERTY SAVINGS AND LOAN ASSOCIATION and Eugene Coon, Sheriff of Allegheny County Pennsylvania Appellee.

Superior Court of Pennsylvania.

Argued Dec. 1, 1988.

Filed Feb. 14, 1989.

Reargument Denied April 13, 1989.

Allen N. Brunwasser, Pittsburgh, for Carelli, appellants (at 1571); for Horner, appellant (at 25); for Brunwasser, in propria persona, appellant (at 25, 26); and for Schwartz, appellant (at 675).

Lynn E. Bell, Pittsburgh, for PA Medical Society, appellees (at 1571).

Nancy E. Gilberg, Philadelphia, for Melvin, appellee (at 25).

Gretchen G. Donaldson, Pittsburgh, for Bruce and Hill, appellees (at 25).

Bonnie Webster, Pittsburgh, for Presbyterian–University Hosp., appellees (at 26).

Arnold M. Epstein, Pittsburgh, for Concord–Liberty and Coon, appellees (at 675).

Before ROWLEY, DEL SOLE and HESTER, JJ.

DEL SOLE, Judge:

These consolidated appeals follow the dismissal of Appellants' complaints. We affirm.

Appellants argue that the trial court orders dismissing their complaints were in error because the trial court imposed "nit-picking" pleading standards rather than over-

looking what were merely examples of "inartful pleading." We disagree. Pa.R.C.P. 126 provides as follows:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

In applying the rationale expressed in this rule, courts have been inclined to overlook minor technical violations of the rules and have permitted the parties to amend. Wholesale disregard of the rules, however, cannot and will not be countenanced. Our independent review of the record and briefs leads us to conclude that the Honorable Silvestri Silvestri, faced with the bewildering configurations filed by Appellants as complaints, was not in error when he entered the orders in these cases. Accordingly, we affirm on the basis of his well-reasoned opinion.

Orders affirmed.